UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              Case Number 06-15770-BC

v.                                          Honorable Thomas L. Ludington

THE REAL PROPERTY LOCATED AT 3600
NORTH OLD STATE AVENUE, HARRISON,
MICHIGAN, TOGETHER WITH ALL ITS
BUILDINGS, FIXTURES, IMPROVEMENTS,
AND APPURTENANCES,

                Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE THE CLAIM AND ANSWER OF CLAIMANT AND FOR ENTRY OF FINAL ORDER OF FORFEITURE, AND CANCELLING MARCH 5, 2008 HEARING

This matter is presently before the Court on the Government's motion to strike the claim and answer of claimant John Willey ("Claimant") and for entry of final order of forfeiture [Dkt. # 18]. The Court has reviewed the motion and finds that the relevant law and facts have been set forth in the brief. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

This action is a civil forfeiture in which the Government seeks to take ownership of a parcel of real property owned by a Michigan non-profit corporation, Fly-In-Wheels Motorcycle Club ("FWMC"). The Government indicted several FWMC members for various methamphetamine, firearm, and witness tampering offenses. *See* E.D. Mich. Criminal Number 04-20038. Allegedly, drug trafficking activities took place on the subject real property, a twenty to thirty acre parcel of land with a FWMC "clubhouse" in Harrison, Michigan.

On December 28, 2006, the Government filed a complaint seeking the forfeiture of the property pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 881(a)(7). On February 13, 2007, the Court entered a stipulation between the parties allowing Claimant sixty days to file an answer and claim, though time to answer had expired. Dkt. # 6. Claimant did not file an answer within the sixty day extension. Soon thereafter, the Government requested a clerk's entry of default and moved for default judgment. See Dkt. # 8-10. On May 18, 2007, Claimant filed an answer and claim for forfeiture. Claimant's claim for forfeiture indicated that he is a "dues paying member" of FWMC and the FWMC secretary. Dkt. # 13-2. The claim for forfeiture, however, was not made under oath.

On August 22, 2007, the Court issued a scheduling order setting November 30, 2007 as the discovery cut-off date and December 21, 2007 as the dispositive motion cut-off date. Dkt. # 15. On December 20, 2007, the Government filed the instant motion contending that Claimant does not have standing to assert a claim for the real property, the Court should strike his answer and enter a final order of forfeiture. Claimant did not file a response to the motion or any other pleading in this matter.

The Government contends that Plaintiff lacks standing under Article III of the United States Constitution. "In a civil forfeiture action, the claimant to the property must have standing to challenge the forfeiture." *United States v. $64,800.00*, 21 Fed. Appx. 439 (6th Cir. 2001) (*quoting United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir. 1998)). In order to establish Article III standing "a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *$515,060.42*, 152 F.3d at 497 (citations omitted). "A claimant need not prove the merits of his underlying claim, but he must claim a facially colorable interest in the seized property." *Id.* (citations omitted). A person with a colorable interest does not include "a

person with only a general unsecured interest in, or claim against, the property." 18 U.S.C. § 983(d)(6)(B)(i); *See also United States v. $38,852.00*, 328 F.Supp. 2d 768, 769 (N.D. Ohio 2004).

The Government maintains that Claimant has not met his burden of claiming a facially colorable interest. Claimant's claim of forfeiture stated that he is the secretary and a paying member of the FWMC. Dkt. # 13-2. Moreover, Claimant acknowledged that his "claim of ownership arises solely from [his] membership in the [FWMC]," and that he was a member of the Flint chapter of the FWMC. Dkt. # 18-6 at 4. The Government submitted a warranty deed and quit claim deed demonstrating that the property was conveyed to the FWMC. Dkt. # 18-7 at 1-2. Additionally, a title search demonstrated that the property is titled in the name of the FWMC. *Id.* at 4.

Though Claimant has not responded to the Government's motion, it appears that his claim is predicated on his position as secretary of the corporation. Despite his position in the corporation, Claimant has not demonstrated that the corporation's secretary or a FWMC member has an ownership interest. At best, Claimant is an unsecured creditor, which does not establish standing to challenge the forfeiture pursuant to 18 U.S.C. § 983(d)(6)(B)(i). Thus, Claimant does not have standing to challenge the forfeiture.

The Court also notes that the claim of forfeiture submitted by Claimant is deficient because it was not made under oath, subject to penalty of perjury. *See* 18 U.S.C. § 983 (a)(2)(C) (iii). Therefore, the Court will grant the Government's motion to strike Claimant's answer and claim.

Additionally, the time for a potential claimant to file a claim has passed in the instant matter. As a result of the Court granting the Government's motion to strike the claim and answer of Claimant, there are no claimants to the subject property. Thus, the Court will also grant the Government's motion for the entry of final order of forfeiture.

Accordingly, it is **ORDERED** that Plaintiff's motion to strike the claim and answer of John Willey, and for entry of final order of forfeiture [Dkt. # 18] is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for **March 5, 2008 at 3:30 p.m.** is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 4, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 4, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS